UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEPHEN M. HARDIN,

    Plaintiff,

v.                                                                                                  No. 2:25-cv-00940-GJF

NEW MEXICO CHRISTIAN CHILDREN'S HOME,
AARON GOODMAN,
DAVID VANWETTERING and
BOARD OF DIRECTORS, NEW MEXICO CHRISTIAN
CHILDREN'S HOME,

    Defendants.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Disability Discrimination, Retaliation, and Wrongful Termination under the Americans with Disabilities Act, Title VII, and New Mexico Common Law, Doc. 1, filed September 29, 2025. ("Complaint"), and Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, filed September 29, 2025.

**Order Granting Motion to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Motion to Proceed In Forma Pauperis. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and his spouse's combined monthly income is about $4,800; (ii) Plaintiff and his spouse's combined monthly expenses total approximately $3,900-$4,100; and (iii) Plaintiff supports a family of four. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, Plaintiff's monthly expenses are approximately equal to his monthly income, and Plaintiff supports a family of four.

**Order for Amended Complaint**

Plaintiff asserts discrimination and retaliation[1] claims pursuant to the Americans with Disabilities Act, retaliation claims pursuant to Title VII, and claims pursuant to state law. against several Defendants. *See* Complaint at 4-5. Plaintiff asserts those claims against his former employer New Mexico Christian Children's Home, its Executive Director, its Human Resources Director and its Board of Directors. *See* Complaint at 1.

---

[1] The elements of a prima facie case of retaliation under the ADA are: (1) the employee was engaged in a protected activity, (2) the employee was subjected to an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 989-990 (10th Cir. 2021).

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval Cnty. Children Youth and Fams. Dep't,* No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The Complaint generally fails to state claims because it does not give each Defendant fair notice of the grounds for Plaintiff's claims against each Defendant; the Complaint refers to Defendants generally and does not explain what each Defendant did to Plaintiff. *See, e.g.,* Complaint at 3 (stating "HR threatened termination," "Leadership admitted the double standard," "selective enforcement evidences retaliation, pretext, and discrimination," Plaintiff "was issued a demotion contract," "Defendants adopted a new policy" without specifying which of the Defendants did the described actions). The Court orders Plaintiff to file an amended complaint. The amended complaint "must explain what *each* defendant did to [Plaintiff]; when [*each*] defendant did it; how [*each*] defendant's action harmed [Plaintiff]; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added); *Howl v. Alvarado*, 783 F. App'x. 815, 817–18 (10th Cir. 2019) ("Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

The Complaint fails to state a claim of discrimination pursuant to the ADA. To state a claim of discrimination under the ADA, a plaintiff must allege: (1) the employee is disabled within the meaning of the ADA, (2) the employee is qualified to perform the essential functions of the

3

job with or without accommodation, and (3) the employee suffered an adverse employment action because of his or her disability. *See Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 989-990 (10th Cir. 2021). The Complaint does not allege that Plaintiff was qualified to perform the essential functions of his job with or without accommodation.

The Complaint also fails to state a retaliation claim pursuant to Title VII. To a state a claim of Title VII retaliation, a plaintiff must allege that: (1) he engaged in protected opposition to Title VII discrimination, (2) a reasonable employee would have found the challenged action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action. *See Laul v. Los Alamos Nat'l Labs.*, 765 F. App'x. 434, 441 (10th Cir. 2019) (quoting *Khalik v. United Airlines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Title VII prohibits retaliation for opposition to any practice made unlawful by Title VII which prohibits discrimination because of an individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e-2 and 2000e-3. The Complaint does not allege that Plaintiff opposed Title VII discrimination, i.e., discrimination based on race, color, religion, sex or national origin. The Complaint also does not clearly allege that any Defendant retaliated against Plaintiff based on his opposition to Title VII discrimination and does not describe the adverse retaliatory actions.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to Section 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after Plaintiff files an amended complaint.

**Case Management**

4

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, filed September 29, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE